UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MARTINEZ,<br>    Plaintiff,<br>    v.<br>B. PATTON, et al.,<br>    Defendants. | Case No. 18-cv-03480-JCS (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; ORDER DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT**<br><br>Dkt. No. 18 |

## INTRODUCTION

Defendants move to dismiss the federal civil rights complaint under Rule 12(b)(6). The motion is GRANTED. The complaint is DISMISSED with leave to file an amended complaint on or before **September 30, 2019**. **Failure to comply in all respects with the instructions in this order will result in the dismissal of this action without further notice to plaintiff.**

## BACKGROUND

The following factual allegations of the complaint are assumed to be true for purposes of this motion. This suit arises from five incidents of mail confiscation by plaintiff's jailors at Pelican Bay State Prison in 2015. Four of these confiscations were of correspondence sent to plaintiff through WriteAPrisoner.com (WAP), a website on which prisoners can create profiles and attract pen-pals. Only one person (Jennifer Bricker)

contacted plaintiff through WAP during the relevant time period, and she sent him only one email. The remaining confiscation was of three letters plaintiff sent to his family.

The confiscations:

1. A print-out of the only email sent by Jennifer Bricker to plaintiff through WAP, which was dated March 31, 2015. It was confiscated because it was third-party correspondence, that is, the letter and the sender were not the same person. The confiscation form was signed on April 16, 2015. Plaintiff filed a grievance in response (No. 15-1009), which was exhausted. He received a copy of the March 31 email on August 11, 2015. (Compl., Dkt. No. 1 at 2-3, 10; Dkt. No. 1-1 at 2, 10; Dkt. No. 1-2 at 15-16);

2. A print-out of plaintiff's WAP profile, which was confiscated because it violated a rule against print-outs of social networking websites. The confiscation form was signed on April 15, 2015. Plaintiff filed a grievance (No. 15-1138), which was exhausted. (*Id.*, Dkt. No. 1 at 4-5; Dkt. No. 1-1 at 3; Dkt. No. 1-2 at 27-28);

3. A print-out of plaintiff's WAP profile, which was confiscated because it violated a rule against print-outs of social networking websites. The confiscation form was signed on April 28, 2015. Plaintiff filed a grievance (No. 15-1312), which was cancelled as untimely. His grievance regarding the cancellation (No. 15-1399) was denied. (*Id.*, Dkt. No. 1 at 6-7; Dkt. No. 1-1 at 4: Dkt. No. 1-2 at 40-41, 50);

4. A print-out of the email sent by Jennifer Bricker through WAP to plaintiff. A revised confiscation form was signed on July 10, 2015. Plaintiff filed a grievance (No. 15-1580) but withdrew it at the CDCR's suggestion in exchange for being given the correspondence. (*Id.*, Dkt. No. 1 at 8-10; Dkt. No. 1-1 at 6);

5. Three out-going letters to plaintiff's family were confiscated because the three letters were being sent in one envelope, instead of each letter being sent in its own envelope. The confiscation form was signed on July 3, 2015. Plaintiff filed a grievance (No. 15-1727), but he withdrew it prior to exhaustion being completed. (*Id.*, Dkt. No. 1 at 11; Dkt. No. 1-1 at 7; Dkt. No. 1-2 at 71).

Plaintiff was housed at Pelican Bay State Prison during the events at issue in this suit. By the time he filed his 42 U.S.C. § 1983 complaint in 2018, he was resident at Ironwood State Prison. Plaintiff's complaint asks only for non-monetary relief. There is no request for damages of any kind.

Defendant D. Melton died on April 28, 2019, according to a Suggestion of Death notice filed by defendants. (Dkt. No. 23 at 2.) Melton's death affects this suit in several ways, as detailed below.

## DISCUSSION

### A. Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Dismissal is appropriate also when pleadings show a "lack of cognizable legal theory," or "the absence of sufficient facts alleged under a cognizable legal theory," *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted), or when an affirmative defense is premised on facts alleged in the complaint, *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1994).

### B. Exhaustion

Defendants move to dismiss any claims regarding Confiscations 3, 4, and 5 because plaintiff failed to exhaust his administrative remedies.[1] The motion is GRANTED in part and DENIED in part. All claims arising from Confiscations 3 and 4 are unexhausted and are DISMISSED <u>without</u> leave to amend. The claims arising from Confiscation 5 are unexhausted but the Court declines to dismiss them at this time. The particular circumstances of the failure to exhaust as to this confiscation are best adjudicated at the summary judgment stage.

---

[1] Exhaustion is properly raised here, even though the issue of exhaustion is usually not raised until the summary judgment stage. Defendants contend that the complaint and the exhibits "clearly document the efforts Martinez made to exhaust administrative relief." (MTD, Dkt. No. 18 at 18.) This is sufficient. "In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

3

Prisoners must properly exhaust their administrative remedies properly before filing suit in federal court, as mandated by the Prison Litigation Reform Act. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and a prisoner's failure to comply with this requirement cannot be excused by the courts. *Ross v. Blake*, 136 S. Ct. 1850, 1856-58 (2016).

All claims arising from Confiscation 3 (a print-out of plaintiff's WAP profile) are DISMISSED <u>without</u> leave to amend because plaintiff failed to exhaust his grievance, which was cancelled as untimely. The filing of an untimely grievance or appeal is not proper exhaustion. *See Woodford*, 548 U.S. at 83-84.

All claims arising from Confiscation 4 (a hard copy of Becker's WAP email) are DISMISSED <u>without</u> leave to amend. The undisputed record shows that plaintiff withdrew his grievances prior to exhaustion and never filed another grievance regarding the confiscations.

The claims regarding Confiscation 5 do not appear to have been exhausted. However, the Court declines to dismiss these claims on this basis. Plaintiff contends in his opposition that he was "forced" to withdraw his grievance. (Opp., Dkt. No. 21 at 3.) Prisoners are not obligated to exhaust when "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 136 S. Ct. at 1863. However, as defendants point out in their reply, plaintiff's exhibits contradict his assertion that he was "forced" to withdraw his grievance. (Reply, Dkt. No. 22 at 4-5.) These circumstances call for further briefing and adjudication at a later stage of the litigation.

This leaves claims arising from Confiscations 1, 2, and 5.

## C. Claims for Equitable and Injunctive Relief

Defendants contend that plaintiff's claims for equitable and injunctive relief are (i) time-barred, and (ii) moot.

### i. Time-Barred

Defendants contend that plaintiff's claims for equitable and injunctive relief are time-barred because the statute of limitations period of two years expired prior to the filing of the instant suit, even if one gives additional time for the period during which he was exhausting his claims. (MTD, Dkt. No. 18 at 15-16.) The events at issue occurred in 2015 and exhaustion was complete by September 2015 but the suit was not filed until June 2018. (*Id.*)

Section 1983 takes its limitations period from the forum state's statute of limitations for personal injury torts, *see Wilson v. Garcia*, 471 U.S. 261, 276 (1985), which, in California, is two years, *see Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); California Code of Civil Procedure (CCCP) § 335.1. This two-year statute of limitations period is tolled for two years for claims for damages if the plaintiff is a prisoner serving a term of less than life thus giving such prisoners effectively four years to file a federal suit. *See* CCCP § 352.1(a); *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (federal courts borrow the state's equitable tolling rules if they are not inconsistent with federal law). However, there is no tolling for non-monetary claims. CCCP § 351.2(c). In sum, non-monetary claims are subject to a two-year limitations period, while damages claims are subject to a four-year limitations period.

Defendants are correct. By September 2015, plaintiff's claims had accrued and he had exhausted his administrative remedies. He therefore had to file his § 1983 claims for equitable and injunctive relief by 2017, that is, within two years of September 2015. The instant § 1983 suit was not filed until 2018. Accordingly, defendants' motion is GRANTED. Plaintiff's claims for equitable and injunctive relief are DISMISSED as untimely.

1  In his opposition, plaintiff contends that he can still pursue claims for nominal damages. (Opp., Dkt. No. 22 at 2.) No such request for damages appears in the operative complaint. If plaintiff seeks nominal damages as relief, he must make a specific request for them in his amended complaint.

### ii. Mootness

Even if plaintiff's claims for equitable and injunctive relief were not time-barred, they would be dismissed as moot because plaintiff is no longer housed at Pelican Bay. When an inmate is released from prison or transferred to another prison and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the prison conditions from which he seeks injunctive relief, the claims for injunctive should be dismissed as moot. *Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995); *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (same for claims for declaratory relief).

Plaintiff is no longer housed at Pelican Bay. Therefore, his claims for equitable and injunctive relief, which ask for changes in Pelican Bay's incoming mail policies, are moot. He has not demonstrated a reasonable expectation or demonstrated probability that he will be again subject to the same conditions that gave rise to this suit. Even if his claims were not time-barred, they would be subject to dismissal as moot.

In his opposition, plaintiff contends that he can still pursue claims for nominal damages. (Opp., Dkt. No. 22 at 2.) No such request for damages appears in the operative complaint. If plaintiff seeks nominal damages as relief, he must make a specific request for them in his amended complaint.

### D. Failure to State A Claim

Defendants also contend plaintiff has failed to state any claim for relief. Prisoners enjoy a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). A temporary delay or isolated incident of delay does not violate a prisoner's First Amendment rights. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (policy of diverting publications through property room reasonably related to prison's interest in

1    inspecting mail for contraband).

2    Plaintiff's allegations regarding Confiscation 1 (a print-out of Bricker's email) fail to state a claim for relief. Though there was a delay in receiving the mail (from April to August), he did in fact receive the correspondence. An isolated incident of mail mishandling or mail delay is insufficient to state a claim under section 1983. *Crofton*, 170 F.3d at 961. The claim based on Confiscation 1 is DISMISSED without leave to amend.

Plaintiff's allegations regarding Confiscation 2 (the print-out of his WAP profile) likely state a claim for relief. Plaintiff must reallege this claim in his amended complaint if he wishes it to proceed.

Plaintiff's allegations based on Confiscation 5 (letters to family) may state a claim for relief, though he will have to show that the reason behind the confiscation fails to further a legitimate government interest. Plaintiff will have to reallege this claim in his amended complaint.

### E. Defendant D. Melton: Suggestion of Death

Any claims against defendant D. Melton cannot proceed at this time, for the reasons described below.

In July 2019, defendants filed a "Suggestion of Death," which states that D. Melton died on April 28, 2019. (Dkt. No. 23 at 2.) Melton's death affects this litigation in several crucial ways.

First, plaintiff will have to take specific actions if he wishes to pursue his claims against the decedent's estate. The law of the forum state determines whether a section 1983 action survives or is extinguished upon the death of a party. *See* 42 U.S.C. § 1988(a); *Robertson v. Wegmann*, 436 U.S. 584, 592-95 (1978). Under California law, "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal. Civ. Proc. Code § 377.20. "Subject to Part 4 (commencing with Section 9000) of Division 7 of the Probate Code governing creditor claims, a cause of action against a decedent that survives may be asserted against the decedent's personal

representative or, to the extent provided by statute, against the decedent's successor in interest." Cal. Civ. Proc. Code § 377.40.

**The introductory clause in section 377.40 is critical: a plaintiff must comply with the claims-presentation requirements of California Probate Code § 9000 et seq., or he will be unable to pursue his cause of action against the decedent's personal representative.** *See* Cal. Prob. Code § 9370(a) ("An action or proceeding pending against the decedent at the time of death may not be continued against the decedent's personal representative unless all of the following conditions are satisfied: (1) A claim is first filed as provided in this part; (2) The claim is rejected in whole or in part; (3) Within three months after the notice of rejection is given, the plaintiff applies to the court in which the action or proceeding is pending for an order to substitute the personal representative in the action or proceeding. This paragraph applies only if the notice of rejection contains a statement that the plaintiff has three months within which to apply for an order for substitution."); *id.* at § 9370(b) ("No recovery shall be allowed in the action against property in the decedent's estate unless proof is made of compliance with this section.").

In sum, plaintiff's claims against Melton can survive the death of Melton (other than a claim for punitive damages, *see* Cal. Code Civ. Proc. § 377.42), but he must comply with the claims presentation requirements of the California Probate Code if he wants to pursue this action against Melton's personal representative. **This Court cannot relieve him of those obligations or assist him in satisfying them.**

Second, a proper defendant will need to be substituted in place of Melton. After plaintiff complies with the state probate code requirements, he will need to file a motion to substitute a proper defendant in place of Melton. "If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties . . . Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record . . . the action shall be dismissed as to the deceased party." Fed. R. Civ. P. 25(a).[2]

---

[2] The requirements to start the 90-day period under Rule 25(a)(1) in which to file a motion for substitution may have been met. Rule 25(a)(1) requires that (1) "a party must formally

8

A "proper party" under Rule 25(a)(1) is the legal representative of the decedent, such as the executor of the decedent's will or the administrator of her estate. *See Mallonee v. Fahey*, 200 F.2d 918, 919-20 (9th Cir. 1953). Plaintiff will have to find the name of Melton's legal representative and then file a motion for substitution under Rule 25. (Defendants' Suggestion of Death states that Melton's estate is being represented by the Gino Desolenni Law Firm, 384 G. Street, Crescent City, CA 95531.) **<u>Again, plaintiff is responsible for accomplishing this. The Court cannot do so on his behalf.</u>**

Third, it is unclear whether Melton's attorney in this action continues to have authority to do anything on behalf of the deceased client. *See Sullivan v. Dunne*, 198 Cal. 183, 192 (Cal. 1926) (it is "well recognized by the authorities that the law of principal and agent is generally applicable to the relation of attorney and client . . . and that the insanity or incapacity of the client will, therefore operate as a termination of the authority of the attorney").

In his amended complaint, plaintiff must make it clear which claims relate to Melton. If he does not want to pursue claims against Melton, he can do so by not naming him as a defendant in the amended complaint. If plaintiff wishes to pursue claims against Melton, his suit will have to be stayed while he attends to California's probate requirements.

## CONCLUSION

Defendants' motion to dismiss the complaint is GRANTED. (Dkt. No. 18.) The complaint is DISMISSED with leave to file an amended complaint on or before **September 30, 2019**.

---

suggest the death of the party upon the record,"; and (2) the "non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The first appears to have been met by the filing of the Suggestion of Death. (Dkt. No. 23.) It also appears the second has been met. Defendants have filed a notice indicating that Melton's legal representative have been served with notice of this suit. (Dkt. No. 24.)

1        The amended complaint must include the caption and civil case number used in this order (18-03480 JCS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. <u>It must also appear on this Court's form.</u> Because an amended complaint completely replaces the previous complaints, plaintiff must include in his amended complaint <u>all</u> the claims he wishes to present and <u>all</u> of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Any claims not raised in the amended complaint will be deemed waived. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to plaintiff.**

       The Clerk shall terminate Dkt. No. 18.

**IT IS SO ORDERED.**

**Dated:** August 23, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge